UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| METROPOLITAN LIFE INSURANCE | ) | |
|---|---|---|
| COMPANY, | ) | Case No. 3:18-cv-3 |
| | ) | |
| *Plaintiff*, | ) | Judge Travis R. McDonough |
| | ) | |
| v. | ) | Magistrate Judge Debra C. Poplin |
| | ) | |
| GREGORY HENSLEY, J.M.H., K.G.H., | ) | |
| and PATRICIA S. FROST, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

Before the Court are: 1) Plaintiff Metropolitan Life Insurance Company's ("MetLife") motion to interplead funds and for dismissal with prejudice (Docs. 9, 16);[1] 2) Defendants Gregory B. Hensley ("Hensley"), J.M.H., and K.G.H.'s (together, the "Hensley Defendants") motion for disbursement of funds (Doc. 12); and 3) the Hensley Defendants' motion for default judgment (Doc. 18). For the following reasons, MetLife's motion to interplead funds and for dismissal with prejudice (Docs. 9, 16) and the Hensley Defendants' motion for disbursement of funds (Doc. 12) and motion for default judgment (Doc. 18) will be **GRANTED**.

I.   **BACKGROUND**

The Federal Employees Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701 *et seq.*, provides group term life insurance for certain federal employees. Pursuant to a contract between

---

[1] MetLife filed an amended motion (Doc. 16) to bring the Court's attention to the entry of default against Defendant Patricia Frost that had been entered after MetLife filed its original motion (Doc. 9). Because the motions contain the same bases for relief, the Court will consider them jointly.

the United States Office of Personnel Management and MetLife, an office within MetLife administers life-insurance benefits under the FEGLIA. (Doc. 1, at 1.)

Tricia F. Hensley (the "Decedent"), a former employee of the United States Postal Service, was covered under the FEGLIA. (*See* Doc. 16-1, at 2.) The Decedent completed her most recent "Designation of Beneficiary" in 2007. (*Id.*) The form included an example page to guide the insured's designation of beneficiaries. (*Id.* at 3.) To designate a contingent beneficiary, which the form explains as "[s]omeone to receive the benefits if the person you designate dies before the Insured dies," the following example is provided (in relevant part):

| First name, middle initial, and last name of each beneficiary | Relationship | Percent or fraction designated |
|---|---|---|
| John M. Parrish, if living | Father | 100% |
| Otherwise to Susan A. Parrish | Sister | 100% |

(*Id.*) On the Decedent's form, she designated the following as beneficiaries (in relevant part):

| First name, middle initial, and last name of each beneficiary | Relationship | Percent or fraction designated |
|---|---|---|
| Gregory B. Hensley | husband | 100% |
| [J.M.H.], if living | son | 50% |
| [K.G.H.], if living | daughter | 50% |
| Patricia S. Frost, otherwise to | mother | 100% |

(*Id.* at 2.) The Decedent and two witnesses signed the designation-of-beneficiary form. (*Id.*)

The Decedent passed away on January 14, 2017. (Doc. 1-2.) Upon her passing, $316,200.00 became payable under the Decedent's FEGLIA policy (the "FEGLI Benefits"). (Doc. 1, at 3.) Hensley and Frost filed competing claims for the FEGLI Benefits. (Docs. 16-2, 16-3, 16-4.) Based on the Decedent's designation-of-beneficiary form, Hensley asserted he was entitled to 100% of the FEGLI Benefits, while Frost asserted she was entitled to one-third.[2]

---

[2] During a telephonic status conference on February 14, 2018, the parties represented that there is no dispute as to the distribution between Hensley, J.M.H., and K.G.H.

(Docs. 16-3, 16-4.) Upon reviewing the designation-of-beneficiary form, MetLife determined that it is ambiguous as to the proper distribution of the FEGLI Benefits. (Doc. 1, at 4.)

In 2017, Hensley filed a declaratory-judgment action in state court seeking a declaration regarding the FEGLI Benefits, but voluntarily dismissed it after Frost's counsel indicated that she would withdraw her claim. (*Id.*; Doc. 12, at 2.) MetLife asked Frost to sign a general release and renunciation of rights (the "Release") before it paid the FEGLI Benefits to Hensley. (Doc. 1, at 5; Doc. 12 at 3.) Under the Release, Frost agreed "that the FEGLI benefits are properly payable to Gregory B. Hensley in accordance with the decedent's designation of beneficiary form . . . ." (Doc. 12-2, at 2.) Further, the Release provided:

> IT IS UNDERSTOOD AND AGREED THAT ANY AND ALL PAST, PRESENT AND FUTURE CLAIMS AND CAUSES OF ACTION RELATED TO THE FEGLI ACCIDENTAL DEATH BENEFITS AND THE [STATE-COURT] LAWSUIT . . . ARE FULLY AND FOREVER RELEASED AND EXTINGUISHED.

(*Id.* at 5.) Frost signed the Release. (*Id.*) When she returned the Release to MetLife, she included a letter that continued to dispute the distribution of the FEGLI Benefits to Hensley, but stated that she "[does not] have the resources to fight this . . . ." (Doc. 12-3.)

After reviewing Frost's letter, MetLife filed the instant interpleader action on January 3, 2018, naming all potential beneficiaries. (Doc. 1.) The Hensley Defendants filed an answer on January 17, 2018. (Doc. 3.) Frost was personally served with a summons and a copy of the complaint on January 9, 2018. (Doc. 7.) Frost has not filed an answer or a responsive pleading to MetLife's complaint as required by Rule 12 of the Federal Rules of Civil Procedure.

On February 20, 2018, MetLife filed a motion to interplead funds and for dismissal with prejudice. (Doc. 9.) On February 26, 2018, the Hensley Defendants filed a motion for disbursement of funds (Doc. 12), then filed a request for entry of default against Frost on

February 27, 2018 (Doc. 14).  On March 23, 2018, the Clerk of Court for the United States District Court for the Eastern District of Tennessee entered a default against Frost.  (Doc. 15.)  On April 13, 2016, MetLife amended its motion to interplead funds and for dismissal with prejudice to reflect the entry of default.  (Doc. 16.)  Finally, on April 17, 2018, the Hensley Defendants filed a motion for default judgment against Frost.  (Doc. 18.)  These motions are now ripe for the Court's review.

## II. MOTION TO INTERPLEAD FUNDS AND FOR DISMISSAL

MetLife seeks:  1) to deposit $316,200.00, the amount of the FEGLI Benefits, plus interest, into the registry of the Court; and 2) an order dismissing it with prejudice and discharging it from further liability in connection with the FEGLI Benefits.  (Docs. 9, 16.)

Under Rule 22 of the Federal Rules of Civil Procedure, a plaintiff who is exposed "to double or multiple liability" may join multiple defendants for interpleader.  "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'"  *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001)).  An interpleader action typically proceeds in two stages.  *Id.*  First, the court determines whether the plaintiff "has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the [plaintiff] is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader."  *Id.*  If interpleader is appropriate, the court may allow the plaintiff to deposit the funds at issue into the registry of the court.  *Id.* at 641 n.2.  The court may then discharge the plaintiff and "enjoin[ ] the parties from prosecuting any other proceeding

4

related to the same subject matter . . . ." *Id.* at 641 (internal quotation marks omitted). "Absent the presence of bad faith on the part of the [plaintiff] or the possibility that the [plaintiff] is independently liable, and after the interpleaded funds have been paid into the registry of the Court, discharge should be readily granted." *Life Ins. Co. of N. Am. v. Simpson*, No 08-2446, 2009 WL 2163498, at *4 (W.D. Tenn. July 16, 2009). At the second stage, once the plaintiff has been discharged, the court determines the relative rights of the parties to the funds at issue. *High Tech.*, 497 F.3d at 642.

Here, the Court has jurisdiction over this interpleader action. *See* 5 U.S.C. § 8715 (granting federal district courts original jurisdiction over civil actions arising under the FEGLIA). Given the competing claims filed by Hensley and Frost and Frost's letter continuing to dispute distribution of the FEGLI Benefits, MetLife is potentially subject to multiple liability. The Court is unaware of, and the parties have not proposed, any equitable concerns that would prevent the use of interpleader here. Accordingly, MetLife has properly invoked interpleader under Rule 22. MetLife neither contests that it is liable to pay the FEGLI Benefits nor claims any entitlement to the FEGLI Benefits. Further, the record does not reflect any bad faith on behalf of MetLife, and no party opposes MetLife's motion. As such, MetLife's motion to interplead funds and for dismissal with prejudice (Docs. 9, 16) will be **GRANTED**.

### III. MOTION FOR DEFAULT JUDGMENT

Next, the Hensley Defendants seek a default judgment against Frost under Rule 55 of the Federal Rules of Civil Procedure. (Doc. 18.)

After the Clerk's entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court may enter default judgment upon a movant's application for default judgment under Rule 55(b). A default judgment may be entered where the movant seeks

5

declaratory relief. *E.g.*, *Boilermaker-Blacksmith Nat'l Pension Tr. v. Lemasters*, No. 1:09CV181, 2011 WL 13205940, at *2 (S.D. Ohio June 9, 2011). At this stage, the movant's factual allegations regarding liability are taken as true. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). The Court then "examine[s] the sufficiency of [the movant's] allegations to determine whether the [movant] is entitled to a default judgment." *Auto-Owners Ins. Co. v. Davidson*, No. 1:17-CV-83, 2017 WL 5035085, at *1 (E.D. Tenn. Nov. 1, 2017) (internal quotation marks omitted).

Here, Frost was properly served with a summons and a copy of the complaint on January 9, 2018. (Doc. 7.) Frost has failed to appear or otherwise defend this action. The Hensley Defendants sought and obtained a clerk's entry of default against Frost. (Docs. 14, 15.) Accordingly, the Hensley Defendants have met the necessary prerequisite for a default judgment against Frost. Moreover, as analyzed below in connection with the Hensley Defendants' motion for disbursement of funds, the Hensley Defendants' allegations are sufficient to establish that it is entitled to disbursement of the FEGLI Benefits.

### IV.   MOTION FOR DISBURSEMENT OF FUNDS

Finally, the Hensley Defendants seek an order directing that the FEGLI Benefits be disbursed to Hensley. (Doc. 12.)

The Hensley Defendants are entitled to disbursement of the FEGLI Benefits. First, Frost released her claim to the FEGLI Benefits under the Release. When she signed the Release, Frost agreed "that the FEGLI benefits are properly payable to Gregory B. Hensley in accordance with the decedent's designation of beneficiary form . . . ." (Doc. 12-2, at 2.) Further, Frost agreed to release "all past, present and future claims" related to the FEGLI Benefits. (*Id.* at 5.) The letter that accompanied the Release, even though it continued to dispute that Hensley is entitled to the

FEGLI Benefits, demonstrates Frost understood she was relinquishing any claim to the FEGLI Benefits by signing the Release. (Doc. 12-3.)

Nonetheless, even if Frost's letter accompanying the Release calls its validity into question, the Hensley Defendants are still entitled to disbursement of the funds. The FEGLIA provides that beneficiaries designated by the employee in a signed and witnessed writing have first priority for life-insurance-benefits payments. 5 U.S.C. § 8705.

On her designation-of-beneficiary form, the Decedent designated all Defendants as potential beneficiaries. (Doc. 16-1, at 2.) Though the form is not without ambiguity, it is clear that the Decedent intended Frost to be a contingent beneficiary. The form defines a contingent beneficiary as "[s]omeone to receive the benefits if the person you designate dies before the Insured dies," then instructs to add "otherwise to" to a contingent beneficiary's name. (*Id.* at 3.) The Decedent wrote "if living" next to her children's names, then "otherwise to" next to her mother's name. (*Id.* at 2.) Accordingly, as the Decedent's children were living upon her death, Frost is not entitled to the FEGLI Benefits. The Hensley Defendants' motion for disbursement of funds (Doc. 12) will, therefore, be **GRANTED**.

V. **CONCLUSION**

For the foregoing reasons, MetLife's motion to interplead funds and for dismissal with prejudice (Docs. 9, 16) is **GRANTED**. MetLife is hereby **DISMISSED WITH PREJUDICE** from this case. Further, the Hensley Defendants' motion for disbursement of funds (Doc. 12) and motion for default judgment (Doc. 18) are **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**